Dear Representative Pope
¶ 0 This office has received your request for an official Opinion asking, in effect, the following questions:
1. Who has the primary responsibility to enforce 18 O.S.955(A) (1998), which sets limitations for owning or leasing anyinterest in land to be used in the business of farming orranching?
 2. Is 18 O.S. 955(A) (1998), which sets limitations forowning or leasing any interest in land to be used in the businessof farming or ranching, unconstitutionally vague?
 I.
¶ 1 To answer your questions, it is appropriate to begin with the history of corporate farming in Oklahoma. Since statehood, the Oklahoma Constitution has contained a provision on corporate ownership of real estate, which is found in Article 22, 2, Corporations — Buying, acquiring or dealing in real estate. This section appeared to limit corporate farming because it limited corporate ownership to "real estate located in incorporated cities and towns and as additions thereto." OKLA. CONST. ArticleXXII, Section 2. However, the Oklahoma Supreme Court interpreted this section to not "prevent private corporations from owning land, but to prevent land companies from buying rural land and further to prevent private corporations from buying more rural land than necessary and proper for their operation." LeForce v.Bullard, 454 P.2d 297, 303 (Okla. 1969). The Court's interpretation opened the door for corporate farming, which the Oklahoma Legislature harnessed by passing 18 O.S. 951-18 O.S.954 1971). Originally, the Chapter on Farming or Ranching Business Corporations contained four sections, 18 O.S. 951-18O.S. 954, that prohibited farming or ranching business corporations with certain exceptions. In 1978, 18 O.S. 955 and18 O.S. 956 were added to allow other business entities to engage in farming or ranching pursuant to similar exceptions as for corporations.
¶ 2 The answer to your first question regarding enforcement of the limitations is found in the statutory provisions. The primary responsibility lies with the State Board of Agriculture.
 The State Board of Agriculture shall initiate and prosecute civil or criminal actions and proceedings when deemed necessary to enforce or carry out any ofthe provisions of this code.
18 O.S. 952(D) (1991).
¶ 3 Also, no domestic corporation which intends to engage in farming, ranching, owning or leasing any interest in land to be used in the business of farming or ranching can file its certificate of incorporation in the office of the Secretary of State unless it has initially been approved by the Board. See18 O.S. 951(A)(4) (1991).
¶ 4 Other enforcement mechanisms exist; see, for example, a citizen's right to initiate a divestment action. 18 O.S. 953(B) (1998) and 18 O.S. 956(A) (1991).
 II.
¶ 5 As to your second question, the current statutory provisions provide that five entities may own or lease an interest in land to be used in the business of farming or ranching. These include natural persons and the estates of such persons, and the particular trustees of trusts, corporation, partnerships and limited partnerships. and limited liability companies:
 No person, corporation, association or any other entity shall engage in farming or ranching, or own or lease any interest in land to be used in the business of farming or ranching, except the following:
1. Natural persons and the estates of such persons;
2. Trustees of trusts; provided that:
 a. each beneficiary shall be a person or entity enumerated in paragraphs I through 5 of this subsection, and
 b. there shall not be more than ten beneficiaries unless the beneficiaries in excess of ten are related as lineal descendants or are or have been related by marriage or adoption to lineal descendants, and
 c. at least sixty-five percent (65%) ofthe trust's annual gross receipts shall be derived from farming or ranching, or from allowing others to extract minerals underlying lands held by the trust. If the trust cannot comply with the annual gross receipts test, the trust may furnish records of its gross receipts for each of the previous five (5) years, or for each year that it has been in existence if less than five (5) years, and the average of such annual gross receipts may be used for purposes of complying with this section;
 3. Corporations, as provided for in Sections 951 through 954 of this title, or as otherwise permitted by law;
 4. Partnerships and limited partnerships; provided that:
 a. each partner shall be a person or entity enumerated in paragraphs 1 through 5 of this subsection, and
 b. there shall not be more than ten partners unless said partners in excess of ten are related as lineal descendants or are or have been related by marriage or adoption to lineal descendants, and
 c. at least sixty-five percent (65%) of the partnership's annual gross receipts shall be derived from farming or ranching, or from allowing others to extract minerals underlying lands held by the partnership. If the partnership cannot comply with the annual gross receipts test, the partnership may furnish records of its gross receipts for each of the previous five (S) years, or for each year that it has been in existence if less than five (5) years, and the average of such annual gross receipts may be used for purposes of complying with this section;
 5. Limited liability companies formed pursuant to the Oklahoma Limited Liability Company Act; provided that:
 a. each member shall be a person or entity enumerated in paragraphs I through S of this subsection, and
 b. there shall not be more than ten members unless said members in excess of ten are related as lineal descendants or are or have been related by marriage or adoption to lineal descendants, and
 c. at least sixty-five percent (65%) of the limited liability company's annual gross receipts shall be derived from farming or ranching, or from allowing others to extract minerals underlying lands held by the limited liability company. If the limited liability company cannot comply with the annual gross receipts test, the limited liability company may furnish records of its gross receipts for each of the previous five (5) years, or for each year that it has been in existence if less than five (5) years, and the average of such annual gross receipts may be used for purposes of complying with this section.
18 O.S. 955(A) (1998).
¶ 6 The limitations on corporations are found in the preceding sections. Certain domestic corporations may own or lease an interest in land to be used in the business of farming or ranching pursuant to 18 O.S. 951(A) (1991). This subsection has similar size and gross receipts restrictions as in 18 O.S.955(A) (1998). Domestic and foreign corporations that are engaged in enumerated operations may own or lease an interest in land to be used in the business of farming or ranching pursuant to 18 O.S. 953(C) and 18 O.S. 954 (1998).
¶ 7 Your question is whether Section 18 O.S. 955(A) is unconstitutionally vague. A statute must overcome two hurdles to defeat a challenge that it is unconstitutionally vague. The statute cannot be so broadly worded as to amount to an unlawful delegation of legislative power nor so uncertain in application as to violate due process. A statute is not unconstitutionally vague when it (a) sets forth the legislative policy and the standards for administrative action, Democratic Party ofOklahoma v. Estep, 652 P.2d 271, 277 n. 23 (Okla. 1982), Statev. Parham, 412 P.2d 142, 150 (Okla. 1966), and (b) sets forth explicit standards so prohibited conduct is clearly defined and arbitrary and discriminatory enforcement is prevented, Graynedv. City of Rockford, 408 U.S. 104, 108 (1972).
¶ 8 The Legislature has articulated the policy "to afford family corporate farming, while maintaining restrictions on other types of corporate farming." A. Katherine Gallagher, An actrelating to Corporations; Prohibiting Farming or RanchingBusiness Corporations with Certain Exceptions: Okla. Stat. tit18 O.S. 951-18 O.S. 954 (1971), 8 Tulsa L.J. 151, 153 (1972). The restrictions on size, gross receipts and operations are the standards by which the State Board of Agriculture is to determine whether an entity may own or lease any interest in land to be used in the business of farming or ranching. The statute is therefore not an unconstitutional delegation of legislative power.
¶ 9 The restrictions on size, gross receipts and operations are explicitly stated, so the statute provides adequate notice of what is required for an entity to own or lease any interest in land to be used in the business of farming or ranching and likewise prevents arbitrary and discriminatory enforcement by the State Board of Agriculture. Therefore, the statute does not offend due process. Whether a particular entity falls within or without the statutory limitations is a question of fact that is beyond the scope of an Attorney General's Opinion.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The State Board of Agriculture has the primaryresponsibility to enforce 18 O.S. 955(A) (1998), which setslimitations for owning or leasing any interest in land to be usedin the business of farming or ranching.
 2. Title 18 O.S. 955(A) (1998), which sets limitations forowning or leasing any interest in land to be used in the businessof farming or ranching, is not unconstitutionally vague. It isneither so broadly worded as to amount to an unlawful delegationof legislative power nor so uncertain in application as toviolate due process.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
LISA .G. BAYS ASSISTANT ATTORNEY GENERAL